**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tohono O'odham Nation, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>United States Department of Interior, et al.,<br><br>    Defendants. | No. CV-24-00034-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Intervenor-Defendant SunZia Transmission's Motion to Dismiss (Doc. 49), Federal Defendants'[1] Motion to Dismiss (Doc. 52), and Plaintiffs'[2] Motion to Expedite Consideration of the Pending Motions (Doc. 66). For the following reasons, the Court will grant Intervenor-Defendant's Motion to Dismiss, grant Federal Defendants' Motion to Dismiss, and grant Plaintiffs' Motion to Expedite Consideration of the Pending Motions.

**I.    FACTUAL AND PROCEDURAL HISTORY**

The full factual and procedural history of this case is contained in the Court's Order denying Plaintiffs' Motion for Temporary Restraining Order/ Preliminary Injunction. (Doc. 56 at 2-7.) The relevant facts for purposes of the pending motions are as follows.

---

[1] Federal Defendants include Deb Haaland, United States Department of Interior and United States Bureau of Land Management (BLM).

[2] The Plaintiffs are Tohono O'odham Nation, San Carlos Apache Tribe, Archaeology Southwest (ASW), and Center for Biological Diversity (CBD).

In 2008, Intervenor-Defendant applied to the BLM for a right-of-way (ROW) permit to construct and operate a transmission line from New Mexico to Arizona (the Project).[3] (*Id*. at 4.) Because the Project would likely impact the environment, including historic and cultural resources, the BLM was required to comply with the National Environmental Policy Act (NEPA) and the National Historic Preservation Act (NHPA).[4] (*Id.* at 4-5.) As part of its compliance, the BLM identified several potential Project routes and assessed the environmental impacts of each route. (*Id.* at 5.) In June 2013, the BLM published its Final Environmental Impact Statement, in which it recommended the Project route through the San Pedro Valley.[5] (*Id.*) In January 2015, the BLM issued its Record of Decision (ROD) approving that preferred Project route. Based on the ROD, the BLM issued the ROW permit to Intervenor-Defendant. (*Id.*) Around the same time, the BLM executed a Programmatic Agreement (PA),[6] which deferred the final identification and evaluation of

---

[3] The 550-mile high-voltage transmission line is expected to deliver renewable energy from wind energy generating projects in New Mexico to three million customers in Arizona and California. (Doc. 56 at 2.)

[4] When a federal agency action has the potential to impact the environment, including historic and cultural resources, the agency must comply with the requirements set forth in the NEPA and Section 106 of the NHPA. 42 U.S.C. § 4336; 54 U.S.C. § 306108. Under the NEPA, the federal agency must prepare an Environmental Impact Statement which outlines the agency's plan for mitigating and monitoring environmental impacts of the project. *See* 42 U.S.C. §§ 4321-4347. Under Section 106 of the NHPA, the agency must (1) identify historic properties (properties that are eligible for listing historic properties on the National Register of Historic Places) within the area of potential effect, (2) assess the impact of the project on those properties, and (3) seek to resolve adverse impacts. *See* 36 C.F.R. § 800.3-800.6.

[5] The BLM recommended the Project route through the San Pedro Valley because it "had the fewest impacts to cultural resources" as compared to the other potential routes. (Doc. 56 at 5.)

[6] The PA is Appendix B to the 2015 ROD. (*See* Doc. 52-2 at 2-21.) Under the NHPA, an agency may enter into a PA when the "alternatives under consideration consist of corridors or large land areas." 36 C.F.R. § 800.4(b)(2). The PA allows the agency to "defer *final* identification and evaluation of historic properties" until after an agency has approved an undertaking. *Id.* (emphasis added).

historic properties until after issuance of the ROD and ROW but before the commencement of Project construction. (*Id.* at 4-5.) The PA contained a detailed description of the final Project route and outlined the BLM's obligations to identify and evaluate historic properties under Section 106. (*Id.* at 11.) Eight years later, in September and November of 2023, the BLM issued Limited Notices to Proceed (LNTPs), declaring that all pre-construction requirements had been completed, including compliance with the PA, and authorizing construction to commence on the San Pedro Valley segment of the Project. (*Id.* at 7, 12-13.) Thereafter, Plaintiffs filed this suit alleging that the BLM violated the NHPA by failing to identify the San Pedro Valley as a Traditional Cultural Property (TCP)[7] and meaningfully consult with Plaintiff tribes. (*See* Doc. 1.)

The Court granted SunZia's Motion to Intervene in this matter on January 23, 2024. (Doc. 10.) The Court denied Plaintiffs' Motion for Temporary Restraining Order/ Preliminary Injunction on April 16, 2024, concluding that Plaintiffs were unlikely to succeed on the merits of their claim. (Doc. 56.) In their pending motions, Intervenor-Defendant and Federal Defendants move for dismissal of the Complaint pursuant to Federal Rule of Procedure 12(b)(6).[8] (Doc. 49 & 52.)

## II.   DISCUSSION

### A.  Legal Framework

#### 1. 12(b)(6) Standard of Review

Under Rule 12(b)(6), a party may move to dismiss a claim for relief by asserting "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

---

[7] A TCP is a historic property that is eligible for inclusion in the National Register of Historic Places based on its associations with the cultural practices, traditions, beliefs, lifeways, arts, crafts, or social institutions of a living community. (Doc. 56 at 3.)

[8] Federal Defendants also move for dismissal on jurisdictional grounds. (Doc. 52.) Because the Court concludes that Plaintiffs' Complaint fails to state a claim upon which relief can be granted, it does not address the Federal Defendants' jurisdictional argument.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court may consider documents incorporated in the complaint without converting the motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document is incorporated into the complaint by reference if "the plaintiff refers extensively to the document, or the document forms the basis for the plaintiff's claim." *Id.* The 2015 ROD and the PA are documents incorporated into the Complaint.

### 2.  The Administrative Procedure Act (APA)

Judicial review of a federal agency decision under the NHPA is governed by the APA. *Id.* The APA allows judicial review of a "final agency action." 5 U.S.C. § 704. An APA claim must be brought within six years of the final agency action that is challenged. 28 U.S.C. § 2401(a); *Gros Ventre Tribe v. United States*, 469 F.3d 801, 814 n. 12 (9th Cir. 2006). If a plaintiff's complaint is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *See Zaldivar v. U.S. Dep't of Veterans Affairs*, 695 F. App'x 319, 320 (9th Cir. 2017).

### B.  Plaintiffs fail to state a claim upon which relief can be granted.

In their Complaint, Plaintiffs request that this Court declare "unlawful, vacate, and set aside the September 27, 2023 and November 27, 2023 LNTPs and underlying right-of-way authorization." (Doc. 1-1 at 31.) Plaintiffs fail to state a claim because their challenges are to the 2015 ROD and are untimely. The 2023 LNTPs do not constitute final agency actions and are not subject to judicial review.

### 1.  Plaintiffs' challenges to the BLM's 2015 ROD are time-barred.

As the Court explained in its Order denying Plaintiffs' Motion for Temporary

Restraining Order/ Preliminary Injunction, challenges to the Project route are time-barred by the six-year APA statute of limitations. (Doc. 56 at 9-10.) The BLM's 2015 ROD determined the final Project route, stating, "a right of way will be granted to SunZia transmission, LLC to allow for the construction and operation of two 500KV transmission lines . . . *following the route of BLM selected alternative*." (Doc. 52-1 at 13 (emphasis added).) The ROD indicated that it was a final agency decision stating, "[the Assistant Secretary of Land and Mineral Management's] approval of these decisions *constitutes a final decision* of the DOI and … any challenges to these decisions … must be brought in Federal District Court." (*Id.* at 3 (emphasis added).) Plaintiffs' claim seeks to vacate the ROD and reroute the Project out of the San Pedro Valley. (*See* Doc. 1.) Under the APA, Plaintiffs had six years to challenge the BLM's 2015 selection of the final Project route. Plaintiffs' 2024 challenge to the BLM's ROD is therefore untimely.

### 2. The BLM's issuance of Limited Notices to Proceed does not constitute final agency action.

Plaintiffs allege that the 2023 LNTPs are challengeable final agency actions because the LNTPs signify the end of the BLM's decision-making process under the NHPA and its conclusion that construction activities would not adversely affect historic properties. (Doc. 51 at 16-17.) As the Court explained in the Order denying Plaintiffs' Motion for Temporary Restraining Order/ Preliminary Injunction, the LNTPs authorized construction to begin on the route identified in the 2015 ROD. (Doc. 56 at 13.) It was the 2015 ROD, not the LNTPs, that approved the Project route. (*Id.*) The issuance of the LNTPs simply indicated that all pre-construction conditions were met.[9] (*Id.*) The ongoing nature of the Section 106 process did not affect the finality of the 2015 ROD route selection. (*Id.*) The six-year limitation period precludes Plaintiffs' challenges to the adequacy of the Section 106 process with

---

[9] To the extent that Plaintiffs claim that the BLM failed to satisfy the pre-construction conditions outlined in the PA, the Court, in its Order on Plaintiffs' Motion for Temporary Restraining Order/ Preliminary Injunction, concluded that Plaintiffs were unlikely to succeed on the merits of this argument. (Doc. 56 at 13-21.) Plaintiffs do not plausibly allege that the BLM failed to comply with the PA.

respect to the selection of the Project route.[10] (*Id.* at 10.) This is because the remedy sought—relocation of the route—would require setting aside the 2015 ROD final agency decision. (*Id.*)

In sum, Plaintiffs have not plausibly alleged that the BLM violated the NHPA. Plaintiffs seek to vacate the LNTPs and underlying ROD in order to reroute the Project out of the San Pedro Valley. However, the Project route was determined by the 2015 ROD, and the six-year statute of limitations for challenging that final action has long since run. The 2023 LNTPs do not constitute final agency action with respect to the Project route, nor can they reopen the 2015 ROD. Under the undisputed facts, Plaintiffs' claim is time-barred. Accordingly, Plaintiffs fail to state a claim for relief.

The defects identified in this Order cannot be cured by amendment of the Complaint. The dispositive facts are not disputed. Plaintiffs appear to acknowledge as much in requesting that this Court "consider and resolve the pending motions to dismiss as expeditiously as possible to allow Plaintiffs the opportunity to obtain effective relief." (Doc. 66 at 3.) For these reasons, the Court will dismiss the Complaint without leave to amend.

//
//
//
//
//
//
//
//
//

---

[10] Plaintiffs assert that the BLM's issuance of the 2015 ROD was based on inadequate consultation in violation of the NHPA's directive to "consult" with involved parties "to develop alternatives to the undertaking that could avoid, minimize, or mitigate" adverse effects to historic properties. (Doc. 1-1 at 30); 36 C.F.R. § 800.6(a).

**IT IS ORDERED:**

1. Intervenor-Defendant's Motion to Dismiss Case (Doc. 49) is **granted**.
2. Federal Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 52) is **granted**.
3. Plaintiffs' Motion to Expedite Consideration of the Pending Motions to Dismiss (Doc. 66) is **granted.**
4. This action is dismissed with prejudice. The Clerk of Court is directed to close this case.

Dated this 6th day of June, 2024.

_____
Jennifer G. Zipps
United States District Judge