Svend Brandt-Erichsen
NOSSAMAN LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
*pro hac vice*
WA Bar No. 23923
Telephone: 206.395.7632
sbrandterichsen@nossaman.com

Brian Imbornoni
NOSSAMAN LLP
Two North Central Avenue, Suite 1715
Phoenix, AZ 85701
AZ Bar No. 006894
Telephone: 480.790.5900
bimbornoni@nossaman.com

Hilary Tompkins
HOGAN LOVELLS US LLP
555 13th Street N.W.
Washington, D.C. 20004
*pro hac vice*
DC Bar No. 252895
Phone: (202) 664-7831
hilary.tompkins@hoganlovells.com

*Attorneys for Intervenor-Defendant SunZia Transmission, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Tohono O'odham Nation; San Carlos Apache Tribe; Archaeology Southwest; and Center for Biological Diversity, | Case No. 4:24-cv-00034 JGZ |
| Plaintiffs, | **INTERVENOR-DEFENDANT SUNZIA TRANSMISSION, LLC'S ANSWER** |
| vs. | |
| U.S. Department of the Interior; Deb Haaland, U.S. Secretary of Interior; and U.S. Bureau of Land Management, | |
| Defendants, | |
| and | |
| SunZia Transmission, LLC | |
| Intervenor-Defendant. | |

63742373.v3

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the District of Arizona, Intervenor-Defendant SunZia Transmission, LLC ("SunZia"), by and through its undersigned counsel, answers Plaintiffs' Complaint (Dkt. 1) as follows:

## INTRODUCTION

1. The allegations in Paragraph 1 purport to characterize the Complaint and constitute conclusions of law, as to which no response is required. To the extent a further response is required, SunZia admits that Defendant Bureau of Land Management ("BLM") issued Limited Notices to Proceed ("LNTP") for SunZia's Project on September 27, 2023, and November 27, 2023, but denies the remaining allegations of Paragraph 1.

2. SunZia denies the allegations of Paragraph 2.

3. Paragraph 3 states conclusions of law as to which no response is required. To the extent a further response is required, SunZia denies the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 states conclusions of law as to which no response is required.

5. Paragraph 5 states conclusions of law as to which no response is required.

6. Responding to Paragraph 6, SunZia admits that the Project crosses the San Pedro Valley and that a portion of the Project is located in Pima County, Arizona. The remaining allegations of Paragraph 6 state conclusions of law as to which no response is required. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 6.

## PARTIES

7. SunZia admits the first sentence of Paragraph 7. To the extent Paragraph 7 states conclusions of law, SunZia denies such conclusions, to the extent a further response is required. SunZia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies the same.

8. SunZia admits the first and second sentences of Paragraph 8. SunZia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies the same.

63742373.v3

9. Paragraph 9 states a conclusion of law as to which no response is required.

10. SunZia admits the first sentence of Paragraph 10. SunZia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies the same.

11. SunZia admits the first sentence of Paragraph 11. SunZia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies the same.

12. SunZia denies the allegations in Paragraph 12.

13. SunZia denies the allegations in Paragraph 13.

14. SunZia denies the allegations in Paragraph 14.

15. Paragraph 15 states conclusions of law to which no response is required. Interior Secretary Bergum has been substituted for Secretary Haaland.

16. Paragraph 16 states conclusions of law to which no response is required.

17. The first sentence of Paragraph 17 states conclusions of law to which no response is required. SunZia admits the second sentence of Paragraph 17. SunZia denies the remaining allegations of Paragraph 17, to the extent they are not conclusions of law to which no response is required.

## STATUTORY BACKGROUND

18. Paragraph 18 purports to characterize a provision of the NHPA, which speaks for itself and provides the best evidence of its plain meaning and intent.

19. Paragraph 19 states conclusions of law as to which no response is required. To the extent Paragraph 19 purports to characterize the requirements of statutes and regulations, those statutes and regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced statutes and regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 19.

20. Paragraph 20 states conclusions of law as to which no response is required. To the extent Paragraph 20 purports to characterize the requirements of statutes and

3

regulations, those statutes and regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced statutes and regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 20.

21.     Paragraph 21 states conclusions of law as to which no response is required. To the extent Paragraph 21 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 20.

22.     Paragraph 22 states conclusions of law as to which no response is required. To the extent Paragraph 22 purports to characterize the requirements of statutes and regulations, those statutes and regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced statutes and regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 22.

23.     Paragraph 23 states conclusions of law as to which no response is required. To the extent Paragraph 23 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 23.

24.     Paragraph 24 states conclusions of law as to which no response is required. To the extent Paragraph 24 purports to characterize the requirements of regulations, those statutes and regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 24.

4

25. Paragraph 25 states conclusions of law as to which no response is required. To the extent Paragraph 25 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 25.

26. Paragraph 26 states conclusions of law as to which no response is required. To the extent Paragraph 26 purports to characterize the requirements of regulations and guidance documents, those regulations and guidance documents speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations and guidance documents is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 26.

27. Paragraph 27 states conclusions of law as to which no response is required. To the extent Paragraph 27 purports to characterize the contents of guidance documents, those guidance documents speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced guidance documents is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 27.

28. Paragraph 28 states conclusions of law as to which no response is required. To the extent Paragraph 28 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 28.

29. Paragraph 29 states conclusions of law as to which no response is required. To the extent Paragraph 29 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and

63742373.v3

content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 29.

30.     Paragraph 30 states conclusions of law as to which no response is required. To the extent Paragraph 30 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 30.

31.     Paragraph 31 states conclusions of law as to which no response is required. To the extent Paragraph 31 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 31.

32.     Paragraph 32 states conclusions of law as to which no response is required. To the extent Paragraph 32 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 32.

33.     Paragraph 33 states conclusions of law as to which no response is required. To the extent Paragraph 33 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 33.

34.     Paragraph 34 states conclusions of law as to which no response is required.

63742373.v3

To the extent Paragraph 34 purports to characterize the requirements of regulations, those regulations speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced regulations is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 34.

35. Paragraph 34 purports to quote Executive Order 13007, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent the allegations of Paragraph 34 vary from the plain meaning of Executive Order 13007, SunZia denies such allegations.

36. Paragraph 36 purports to characterize Executive Order 13175, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent the allegations of Paragraph 36 vary from the plain meaning of Executive Order 13175, SunZia denies such allegations.

37. Paragraph 37 purports to characterize Joint Secretarial Order 3403, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent the allegations of Paragraph 37 vary from the plain meaning of Joint Secretarial Order 3403, SunZia denies such allegations.

38. The paragraph numbering in Plaintiffs' Complaint skips from Paragraph 37 to Paragraph 42 and does not contain paragraphs numbered 38-41. To avoid confusion, SunZia's Answer also will skip numbers so that its paragraphs will match the numbering of the Complaint.

42. Paragraph 42 states conclusions of law as to which no response is required. To the extent Paragraph 42 purports to characterize statutes and court decisions, those statutes and decisions speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced statutes and court decisions is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 42.

43. Paragraph 43 states conclusions of law as to which no response is required.

63742373.v3

To the extent Paragraph 43 purports to characterize statutes and court decisions, those statutes and court decisions speak for themselves and provide the best evidence of their plain meaning and content. Any allegation contrary to the plain language, meaning and context of the referenced statutes and court decisions is denied. To the extent a further response is required, SunZia denies the allegations of Paragraph 43.

## FACTUAL BACKGROUND

44.     Responding to Paragraph 44, SunZia admits that members of the Tohono O'odham, Hopi, Zuni, and Western Apache tribes claim ancestral connections to the San Pedro River Valley. Paragraph 44 purports to quote from a U.S. Forest Service ("USFS") document, which speaks for itself and is the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 44.

45.     Paragraph 45 purports to quote from a USFS document, which speaks for itself and is the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 45.

46.     SunZia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore denies the same.

47.     SunZia lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 47 and therefore denies the same. Paragraph 47 purports to quote from National Register Bulletin No. 38, which speaks for itself and is the best evidence of its plain meaning and content. The remaining allegations of Paragraph 47 are a legal conclusion for which no response is required.  To the extent a further response is deemed required, SunZia denies the remaining allegations of Paragraph 47.

48.     Paragraph 48 purports to characterize and quote from a U.S. Geological Survey ("USGS") document, which speaks for itself and is the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 48.

8

49. SunZia admits the allegation of Paragraph 49.

50. Paragraph 50 purports to characterize and quote from a BLM Manual, which speaks for itself and is the best evidence of its plain meaning and content.

51. SunZia admits the first sentence of Paragraph 51. The second sentence of Paragraph 51 purports to characterize and quote a BLM document for the Project, which speaks for itself and is the best evidence of its plain meaning and content.

52. Paragraph 52 purports to characterize and quote from a BLM document for the Project, which speaks for itself and is the best evidence of its plain meaning and content.

53. Paragraph 53 purports to characterize and quote from a BLM document for the Project, which speaks for itself and is the best evidence of its plain meaning and content.

54. The allegations of Paragraph 54 are legal conclusions for which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 54.

55. SunZia admits the allegations of Paragraph 55.

56. SunZia denies the allegations of the first two sentences of Paragraph 56. The remainder of Paragraph 56 purports to quote from and characterize the content of a document, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies that the referenced document identifies or refers to a San Pedro Valley cultural landscape. To the extent a further response is required, SunZia denies the allegations of Paragraph 56.

57. Paragraph 57 purports to quote from and characterize the content of a document, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the allegations of Paragraph 57.

58. Paragraph 58 purports to quote from and characterize the content of a document, which speaks for itself and provides the best evidence of its plain meaning and

9

content. To the extent a further response is required, SunZia denies the allegations of Paragraph 58.

59.     Paragraph 59 purports to quote from and characterize the content of a document, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the allegations of Paragraph 59.

60.     Paragraph 60 purports to quote from and characterize the content of a document, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the allegations of Paragraph 60.

61.     Paragraph 61 purports to quote from and characterize the content of a BLM document, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies that BLM "assured the groups" about the timing of the Section 106 consultation. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 61.

62.     Paragraph 62 purports to quote from and characterize the content of a document, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the allegations of Paragraph 62.

63.     Paragraph 63 purports to quote from and characterize the content of a BLM communication, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the allegation that BLM "reversed course" regarding the Section 106 consultation process. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 63.

64.     SunZia admits Paragraph 64.

65.     SunZia admits that Archaeology Southwest submitted comments on the Draft EIS but denies the remaining allegations of Paragraph 65.

66.     SunZia admits that the San Carlos Apache Tribe submitted comments on the

63742373.v3

Draft EIS but denies the remaining allegations of Paragraph 66.

67. Paragraph 67 purports to quote from and characterize the content of comments from the San Carlos Apache Tribe on the Draft EIS, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 67.

68. Paragraph 68 purports to quote from and characterize the contents of comments from the U.S. National Park Service ("NPS") on the Draft EIS, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 68.

69. SunZia admits that BLM issued its Final EIS in June 2013. Paragraph 69 purports to quote from and characterize the contents of the Final EIS, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remining allegations of Paragraph 69.

70. SunZia denies the allegations of the first sentence of Paragraph 70. The remainder of Paragraph 70 purports to quote from and characterize the contents of the Final EIS, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 70.

71. Responding to Paragraph 71, SunZia admits that in 2013 Center for Biological Diversity ("CBD") submitted a protest to BLM, and that BLM denied all protests submitted on the Project. SunZia denies the remaining allegations in Paragraph 71.

72. Responding to Paragraph 72, SunZia admits that in December 2014, BLM executed a Programmatic Agreement pursuant to the NHPA and its implementing regulations with the New Mexico and Arizona State Historic Preservation Offices ("SHPO") and the Advisory Council on Historic Preservation ("ACHP"). SunZia further Admits that SunZia signed the Programmatic Agreement as an Invited Signatory, that the

11

Tohono O'odham National declined the invitation to by an Invited Signatory, and that the San Carlos Apache Tribe and Archaeology Southwest both declined to sign as Concurring Parties. SunZia further admits that the Tohono O'odham Nation and the San Carlos Apache Tribe participated in the Section 106 consultation process that produced the Programmatic Agreement. SunZia denies the remaining allegations of Paragraph 72.

73. Paragraph 73 purports to quote from and characterize the contents of the Programmatic Agreement, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 73.

74. Paragraph 74 purports to quote from and characterize the contents of the Programmatic Agreement, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 74.

75. Paragraph 75 purports to quote from and characterize the contents of the Programmatic Agreement, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 75.

76. Paragraph 76 purports to quote from and characterize the contents of the Programmatic Agreement, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 76.

77. Paragraph 77 purports to quote from and characterize the contents of the Programmatic Agreement, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 77.

78. Paragraph 78 purports to quote from and characterize the contents of the Programmatic Agreement, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the

12

remaining allegations of Paragraph 78.

79.    Paragraph 79 purports to quote from and characterize the contents of the Programmatic Agreement, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 79.

80.    Responding to Paragraph 80, SunZia admits that in January 2015 BLM issued a Record of Decision ("ROD") approving the proposed right-of-way for the Project transmission line, and that in 2016 BLM issued a right-of-way grant to SunZia. SunZia denies the remaining allegations in Paragraph 80.

81.    Paragraph 81 purports to quote from and characterize the contents of the 2015 ROD, which speaks for itself and provides the best evidence of its plain meaning and content.

82.    Responding to Paragraph 82, SunZia admits that draft Class III Intensive Field Inventories were provided to the Plaintiff Tribes and Archaeology Southwest for their comments and that they did not provide BLM with comments requesting that a San Pedro Valley traditional cultural property be added to the Class III Inventories. To the extent a further response is required, SunZia denies the remaining allegations of Paragraph 82.

83.    Paragraph 83 purports to characterize the contents of SunZia's applications to BLM, which speak for themselves and provide the best evidence of their plain meaning and content.

84.    SunZia admits the first sentence of Paragraph 84 and admits that Archaeology Southwest and Center for Biological Diversity submitted comments to BLM in response to the June 2021 scoping notice. Paragraph 84 purports to quote from and characterize the contents of those comments, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 84.

85.    SunZia admits the first sentence of Paragraph 85.    The remainder of

63742373.v3

Paragraph 85 purports to quote from and characterize the contents of the Draft EIS, which speaks for itself and provides the best evidence of its plain meaning and content.

86.     Paragraph 86 purports to quote from and characterize the contents of the Draft EIS, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 86.

87.     Paragraph 87 purports to quote from and characterize the contents of the Draft EIS, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies that the access roads and temporary work areas evaluated in the Draft EIS would impact or have impacted any cultural resources in the San Pedro Valley and denies the remaining allegations in Paragraph 87.

88.     Paragraph 88 purports to quote from and characterize the contents of comments on the Draft EIS, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 88.

89.     Responding to Paragraph 89, SunZia denies that Archaeology Southwest's January 2023 letter was a comment on the Draft EIS or a timely comment for any administrative process related to the Project. Paragraph 89 purports to quote from and characterize the contents of Archaeology Southwest's letter, which speaks for itself and provides the best evidence of their plain meaning and content. SunZia denies the remaining allegations in Paragraph 89.

90.     SunZia admits the first sentence of Paragraph 90. Paragraph 90 purports to quote from and characterize the contents of the Final EIS, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 90.

91.     Paragraph 91 purports to quote from and characterize the contents of the response to comments on the Draft EIS contained within the Final EIS, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a

14

further response is required, SunZia denies the remaining allegations in Paragraph 91.

92.    Paragraph 92 purports to quote from and characterize the contents of communication between the Arizona SHPO and the BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 92.

93.    Paragraph 93 purports to quote from and characterize the contents of communication between the Arizona SHPO and the BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 93.

94.    Paragraph 94 purports to quote from and characterize the contents of communication from the San Carlos Apache Tribe to BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 94.

95.    Paragraph 95 purports to quote from and characterize the contents of communication from the Tohono O'odham Nation to BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 95.

96.    SunZia admits the first and last sentences of Paragraph 96. Paragraph 96 purports to quote from and characterize the contents of Archaeology Southwest's protest, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 96.

97.    Paragraph 97 purports to quote from and characterize the contents of a document, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the allegations of Plaintiffs' characterization of the document and, to the extent a further response is required, denies the remaining allegations in Paragraph 97.

98.    Responding to Paragraph 98, SunZia admits that in July 2023, BLM

15

transmitted a proposed Historic Properties Treatment Plan ("HPTP") to consulting parties in Arizona. Paragraph 98 purports to quote from and characterize the contents of documents and communications, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 98.

99. Responding to Paragraph 99, SunZia admits that in August 2023, BLM issued a final HPTP for historic properties in Arizona. Paragraph 99 purports to quote from and characterize the contents of the finalized HPTP, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 99.

100. Paragraph 100 purports to quote from and characterize the contents of BLM communications, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 100.

101. Paragraph 101 purports to quote from and characterize contents of comments by the Arizona SHPO, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 101.

102. Paragraph 102 purports to quote from and characterize the contents of comments from the Arizona SHPO, which speak for themselves and provide the best evidence of their plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 102.

103. SunZia admits the first sentence of Paragraph 103. Paragraph 103 purports to quote from and characterize the notice of dispute, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the remaining allegations in Paragraph 103.

104. SunZia admits the first three sentences of Paragraph 104. SunZia denies the remaining allegations in Paragraph 104.

63742373.v3

105. Paragraph 105 purports to quote from and characterize BLM's response, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 105.

106. Paragraph 106 purports to quote from and characterize BLM communication, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 106.

107. Responding to Paragraph 107, SunZia admits that Archaeology Southwest sent an email to BLM on October 5, 2023. Paragraph 107 purports to quote from and characterize the content of the email, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the allegations in Paragraph 107.

108. Paragraph 108 purports to quote from and characterize the Archaeology Southwest October 5, 2023, email, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the allegations in Paragraph 108.

109. Paragraph 109 purports to quote from and characterize the Archaeology Southwest October 5, 2023, email, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 109.

110. Paragraph 110 purports to quote from and characterize the Archaeology Southwest October 5, 2023, email, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 110.

111. Paragraph 111 purports to quote from and characterize communication from the ACHP to BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 111.

63742373.v3

112. Paragraph 112 purports to quote from and characterize communication from the ACHP to BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 112.

113. SunZia admits the first sentence of Paragraph 113. Paragraph 113 purports to quote from and characterize communication from the Pueblo of Zuni to BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 113.

114. Responding to Paragraph 114, SunZia admits that on September 26, 2023, BLM issued a Limited Notice to Proceed ("LNTP") for Project construction in the San Pedro Valley and the LNTP speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 114.

115. SunZia admits that after issuance of the September 26, 2023, LNTP, SunZia began construction of the Project in the San Pedro Valley. SunZia denies the remaining allegations in Paragraph 115.

116. Paragraph 116 purports to quote from and characterize communication from the Tohono O'odham Nation, the San Carlos Apache Tribe, and Archaeology Southwest to the Secretary of the Interior, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the remaining allegations in Paragraph 116.

117. Paragraph 117 purports to quote from and characterize BLM communication, which speaks for itself and provides the best evidence of its plain meaning and content.

118. SunZia admits the first sentence of Paragraph 118. Paragraph 118 purports to quote from and characterize communication from the Hopi Tribe to BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 118.

18

119. SunZia admits the first sentence of Paragraph 119. SunZia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 119, and therefore denies the same.

120. Paragraph 120 purports to quote from and characterize communication from BLM, which speaks for itself and provides the best evidence of its plain meaning and content.

121. The first two sentences of Paragraph 121 purport to quote from and characterize communication from BLM, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the remaining allegations of Paragraph 121.

122. The first three sentences of Paragraph 122 purport to quote from and characterize communication from BLM, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the remaining allegations in Paragraph 122.

123. Paragraph 123 purports to quote from and characterize communication from BLM, which speaks for itself and provides the best evidence of its plain meaning and content. To the extent a further response is required, SunZia denies the remaining allegations in Paragraph 123.

124. Paragraph 124 purports to quote from and characterize communication from BLM, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the remaining allegations in Paragraph 124.

125. Paragraph 125 purports to quote from and characterize communication from BLM, which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the remaining allegations in Paragraph 125.

126. SunZia admits the first sentence of Paragraph 126. Paragraph 126 purports to quote from and characterize the "Second Amended LNTP," which speaks for itself and provides the best evidence of its plain meaning and content. SunZia denies the remaining allegations in Paragraph 126.

63742373.v3

127. SunZia admits that it resumed Project construction in the San Pedro Valley following issuance of the November 27, 2023 LNTP. SunZia denies the remaining allegations in Paragraph 127.

128. SunZia denies the allegations of Paragraph 128.

## CLAIMS FOR RELIEF

129. SunZia restates and incorporates by reference its responses to all preceding paragraphs.

130. Paragraph 130 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 130.

131. Paragraph 131 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 131.

132. Paragraph 132 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 132.

133. Paragraph 133 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 133.

134. Paragraph 134 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 134.

135. Paragraph 135 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 135.

136. Paragraph 136 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 136.

63742373.v3

137. Paragraph 137 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 137.

138. Paragraph 138 asserts legal conclusions to which no response is required. To the extent a further response is deemed required, SunZia denies the allegations of Paragraph 138.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiff's Complaint, numbered 1 through 7, contain Plaintiffs' request for relief to which no response is required. To the extent that a further response is deemed required, SunZia denies that Plaintiffs are entitled to any of the relief sought or to any other form of relief.

## GENERAL DENIAL

SunZia denies each and every allegation not specifically admitted in its Answer to the Plaintiffs' Complaint, set forth above. To the extent any allegations remain unanswered, SunZia denies such allegations.

## AFFIRMATIVE DEFENSES

A. Plaintiffs' Complaint and its individual Claims for Relief fail to state a claim upon which relief can be granted.

B. Plaintiffs' Complaint and its individual Claims for Relief fail for lack of subject matter jurisdiction.

C. During the course of this litigation, Plaintiffs have abandoned all challenges to BLM's 2015 decision authorizing a right-of-way across federal lands for the Project and approving the Project's route across private and State lands, and accordingly, have abandoned all claims seeking to challenge the BLM's approval of the Project.

D. In accordance with the Ninth Circuit's decision in this litigation and the Rule of Mandate, the Court does not have jurisdiction to hear any claim from the Plaintiffs that seeks to challenge BLM's Record of Decision in 2015 that approved the Project.

E. Plaintiffs' claims are barred, in whole or in part, by estoppel, laches, res

63742373.v3

judicata, the statute of limitations, and waiver.

  F.  SunZia reserves the right to supplement these affirmative defenses.

<strong>REQUEST FOR RELIEF</strong>

  Wherefore, SunZia respectfully requests that the Court:

  1.  Dismiss Plaintiffs' Complaint with prejudice.

  2.  Deny all relief and costs requested by Plaintiffs.

  3.  Grant SunZia's costs and reasonable attorneys' fees herein.

  4.  Grant SunZia such other and further relief as the Court may deem just and proper.

Dated this 24th day of September, 2025.


By: */s/ Svend Brandt-Erichsen*  .
Svend Brandt-Erichsen
*pro hac vice*
NOSSAMAN LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: 206.395.7630
Facsimile: 206.257.0780
sbrandterichsen@nossaman.com

Brian Imbornoni
AZ Bar No. 006894
NOSSAMAN LLP
Two North Central Avenue, Suite 1715
Phoenix, AZ 85004
AZ Bar No. 006894
Telephone: 480.790.5900
bimbornoni@nossaman.com

Hilary Tompkins
HOGAN LOVELLS US LLP
555 13th Street N.W.
Washington, D.C. 20004
*pro hac vice*
DC Bar No. 252895
Phone: (202) 664-7831
hilary.tompkins@hoganlovells.com

*Attorneys for Intervenor-Defendant SunZia Transmission, LLC*

63742373.v3

CERTIFICATE OF SERVICE

      I hereby certify that on September 24, 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

*/s/ Svend Brandt-Erichsen*
Svend Brandt-Erichsen
