1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Tohono O'odham Nation, et al.,          No. CV-24-00034-TUC-JGZ

10             Plaintiffs,                   **ORDER**

11  v.

12  United States Department of Interior, et al.,

13             Defendants.

14

15         Pending before the Court is Federal Defendants' Second Motion for a Stay of the

16  Case in Light of Lapse of Appropriations or Alternatively First Request for Extension of

17  Time. (Doc. 89.) On November 13, 2025, Federal Defendants notified the Court that

18  Congress has appropriated funding and agency employees have returned to work.

19  Therefore, the request for a stay is now moot. (Doc. 91 at 2.) However, Plaintiffs oppose

20  Federal Defendants' request for an extension. (*See* Doc. 90.)

21         Prior to the Court's Order staying the case on October 2, 2025 (Doc. 88), the

22  deadline to produce the administrative record was October 17, 2025. (Doc. 83.) The stay

23  was lifted on November 3, 2025, after 30 days. (*See* Doc. 88.) Thus, the new deadline to

24  produce the administrative record is November 17, 2025. Federal Defendants request an

25  extension of that deadline through December 22, 2025. (Doc. 89 at 3.) Plaintiffs request

26  the Court order Federal Defendants to produce the administrative record within two weeks

27  of this Order. (Doc. 90 at 6.)

28         Federal Defendants have not shown that a 33-day extension is warranted. Federal

1   Defendants had two weeks remaining on the deadline to produce the administrative record
2   when the case was stayed, and certain furloughed BLM employees began working on the
3   administrative record on November 10. (Doc. 91 at 2–3.) In light of the upcoming holiday,
4   the Court will grant an extension through December 5, 2025.

5          At this time, the Court will not order the parties to meet and confer to propose new
6   dates for the remaining schedule. As indicated in the Court's Order granting the initial stay,
7   all deadlines then in effect have been extended in accordance with the length of the stay.
8   (Doc. 88.) Considering the additional extension of the deadline to produce the
9   administrative record, the remaining deadlines are proportionally extended as outlined
10  below.

11         Accordingly,

12         **IT IS ORDERED:**

13         1.     As of November 3, 2025, the stay issued in this Court's October 2, 2025
14  Order (Doc. 88) is **lifted**.

15         2.     Federal Defendants' Second Motion for a Stay of the Case in Light of Lapse
16  of Appropriations or Alternatively First Request for Extension of Time (Doc. 89), is
17  **granted in part and denied in part.** The request for a stay is **denied as moot.** The request
18  for an extension is **granted in part.**

19         3.     Federal Defendants shall have up to and including **December 5, 2025** to
20  produce the administrative record.

21         4.     The following deadlines shall govern in this action:

22

| Federal Defendants provide the Administrative Record to the Parties | December 5, 2025 |
|---|---|
| Parties identify and communicate to Federal Defendants any issues regarding completeness of the record and/or any issues regarding the admission of extra-record evidence | January 5, 2026 |

| | |
|---|---|
| Federal Defendants respond to any issues raised by parties regarding the contents of the administrative record and the admission of extra-record evidence. The parties will attempt in good faith to resolve any issues that are raised | January 12, 2026 |
| If necessary, Plaintiffs or Intervenor-Defendant will file a motion challenging the contents of the administrative record and/or seeking to admit extra-record evidence | January 26, 2026 |
| Federal Defendants will file their response to Plaintiffs' or Intervenor-Defendant's motion challenging the administrative record and/or seeking to admit extra-record evidence | February 6, 2026 |
| If a Party challenges the contents of the administrative record or seeks to admit extra-record evidence, the rest of the schedule is vacated and the Parties will submit a joint status report to the Court with a new proposed summary judgment briefing schedule | Three weeks after resolution of any record or extra-record evidence motion |
| If no challenge to the administrative record is filed, Plaintiffs file opening motion for summary judgment. | March 6, 2026 |
| Federal Defendants and Intervenor-Defendant will each file a combined brief in opposition to Plaintiffs' motion for summary judgment and in support of their cross-motions for summary judgment | April 17, 2026 |
| Plaintiffs will file their combined briefs in support of their motion for summary judgment and in opposition to Federal Defendants' and Intervenor-Defendant's motions for summary | May 29, 2026 |

| judgment | |
|---|---|
| Federal Defendants and Intervenor-Defendant will file their reply briefs in support of their cross-motions for summary judgment | June 26, 2026 |

Dated this 17th day of November, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge

- 4 -